✓ FILED
___ ENTERED
___ LODGED
___ RECEIVED

SEP - 7 2010

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY RP                        DEPUTY

Judith Jean Hoffman
2918 Marquette Street
San Diego, California 92106
619-222-5617

Debtor, In Pro Per

# UNITED STATES BANKRUPTCY COURT

## Southern District of California

| | |
|---|---|
| Judith Jean Hoffman<br>　　　　Debtor | ) Chapter 13   filed August 23, 2010<br>)<br>) Case No: 10-14890<br>) |
| _____ | ) MOTION IMPOSE THE AUTOMATIC<br>) STAY |
| Quality Loan Service, Corp., Litton Loan | )<br>) |
| Servicing, LLP | ) Date: _____<br>) Time: _____ |
| 　　　　Creditor | ) Dept: _____<br>) |
| v. | )<br>) |
| Judith Jean Hoffman | )<br>) |
| 　　　　Debtor | ) |
| _____ | ) |

## MOTION TO IMPOSE THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(c)(3) [or (4)]

The Debtor respectfully requests that this Court extend or impose the automatic stay, pursuant to 11 U.S.C. §362(c)(3) [or (4)], and in support thereof states:

1. The debtor(s) filed this bankruptcy petition on 08/23/2010.

2. The debtor(s) previously filed bankruptcy, #10-10033, under Chapter 13 on 06/09/2010 and that case was dismissed on 07/02/2010.  Debtor(s) also previously filed another bankruptcy case, #10-12093, on 07/09/2010, and that case was dismissed on 08/02/2010.

3. The debtor had no other pending bankruptcy cases in the preceding one-year period.

4. The debtor did not have any prior cases dismissed in the past year for any of the following

reasons:

- failure to file or amend other required documents without substantial excuse,
- failure to provide adequate protection as ordered by the Court.

5. There has been a substantial change in the financial or personal affairs of the Debtor since the dismissal of the last case, and the Debtor believes that this case will:

- Result in a confirmed plan that will be fully performed.

WHEREFORE, the debtor pray that this Court grant the Motion to Impose the Automatic Stay as to all creditors after notice and opportunity to be heard, and for all other proper relief.

_____     9/7/2010
Judith Jean Hoffman, Debtor, In Pro Per          date

### AFFIDAVIT IN SUPPORT OF MOTION TO IMPOSE THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(c)(3) [or (4)]

The debtor's statement in support of the Motion to Impose the Automatic Stay as follows:

1. I filed this bankruptcy petition on 08/23/2010.

2. I previously filed bankruptcy, #10-10033, under Chapter 13 on 06/09/2010 and that case was dismissed on 07/02/2010.  I also previously filed another bankruptcy case, #10-10033, on 07/09/2010, and that case was dismissed on 08/02/2010.

3. I have had no other pending bankruptcy cases in the preceding one-year period.

4. I have not had any prior case(s) dismissed in the past year for any of the following reasons:

- failure to file or amend other required documents without substantial excuse,
- failure to provide adequate protection as ordered by the Court

5. I have had a substantial change in my financial or personal affairs since the dismissal of the last case, and I believe that this case will:

- Result in a confirmed plan that will be fully performed.  Those changes are as follows:
  The debtor's financial position was never able to be analyzed to qualify for a Chapter 13

Bankruptcy due to a dismissal of both previous bankruptcies for failure to provide schedules. Failure to provide schedules is greatly due to the refusal by The Loan Servicer, Litton, to provide debtor an accurate beneficiary pay-off statement in favor of the alleged beneficiary Bank of New York Trustee for CountryWide Asset Backed Securities, 2005-10. The beneficiary statement is necessary to determine actual amount owed as Notice of Default, Notice of Trustee sale, and Previous proof of debt is contradictory as to amount owed and to whom, if any.

Debtor sent a letter requesting such beneficiary pay-off statement on August 13, 2010 and to date there has been no response. On August 20, 2010, Debtor called Litton to again order a pay-off statement and was refused any information by the Customer service representative and was told that Litton did not have to give the debtor any pay-off demand.

This Beneficiary Pay-off Demand and Payment history is of paramount importance in light of the fact that both Litton Loan Servicing and their predecessors. Bank of America BAC Home Loan Inc. and Countrywide Home Loans Inc have both been sanctioned recently for abuses of the Bankruptcy Court as recently as on June 7, 2010, settled for $108 million to the Federal Trade Commission on charges that excessive fees had been collected from borrowers who defaulted on home loans.

There is also a question as to whom this alleged debt is to be paid. In July of this year, while the prior Chapter 13 case was active, Litton Loan Servicing created a new assignment of deed and recorded by Litton personnel posing as an employee of MERS, that assignment is in favor of Bank of New York Mellon, Bank of New York, Trustee and CWABS, Inc Asset-Backed certificates, Series 2005-10. The Assignment was recorded on 7/22/2010. That assignment was an attempt to collect a debt and violated the previous Bankruptcy stay. Previous to this recordation there has still not been any filing of any assignment involving Litton Loan Servicing LP. Litton Loan Servicing LP has been pursuing me since May 1, 2009. MERS did not register to do business with the state of California until July 26, 2010. Multiple problems exist with the purported assignment document. The mortgage was already in default. The securitized pool, CWABS 2005-10 was CLOSED to new loans in 2005 and CERTAINLY should NOT be accepting loans that are currently in DEFAULT.

The assignment document is signed on the part of "America's Wholesale Lender A Corporation". That corporation NEVER existed. Several Lawsuits have sited this fact in published findings.

The wording of the assignment attempts to assign the Deed of Trust "together with the Promissory Note secured by said Deed of Trust ....". Since MERS is NOT named anywhere on the Promissory Note, this attempt to assign said note is improper.

In addition Debtor is in possession of a valid loan modification contract agreed to and finalized by previous Loan Servicer, Countrywide Home Loans Inc., Bank of America BAC and that the amount of the actual mortgage payment to be paid is currently in dispute with the Servicer Litton Loan Servicing LP and payments cannot be determined to ascertain the suitability of a Chapter 13 Bankruptcy for Debtor. Not one accounting has been provided that accounts for the TEN MONTHS of modified payments made from May 1, 2009 thru February 1, 2010 of over $2500 per month.

During this time Debtor's attorney was suffering some unforeseen significant health issues which precluded him from filing Debtors motion to extend time to file schedules within the 14 day deadline.

So the Debtor please asks the court to take these facts into consideration and to grant an automatic stay as the Debtor has made best efforts to act in good faith in filing this case and the previous 2 cases, but has been prevented by circumstance and the Litton Loan Servicing's lack of cooperation in producing an accurate beneficiary pay-off, and violating the stay in the previous case. The automatic stay is necessary to provide a temporary protection for the equity in Debtors property against Litton Loan Servicing LP. This will give give Debtor's counsel time to develop and file the adversarial law suit and to file a 544 motion with respect to Litton Loan Servicing LP. Debtor's suit and motions will also cite the lack of accurate financial records By Litton and Quality. In addition it will cite Litton for acting in bad faith violating the bankruptcy stay.

I affirm under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

Judith Jean Hoffman, Debtor, In Pro Per                                    date

DOC # 2010-0367824

JUL 22, 2010    8:00 AM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
DAVID L. BUTLER, COUNTY RECORDER
FEES:        18.00
                                    DA:    1
PAGES:            1

5555

Recording requested by:
LPS

When recorded mail to:

Litton Loan Servicing LP
4828 Loop Central Drive
Houston, TX 77081

APN: 441-243-14
TS # CA-09-303139-BL
Order # 090553628-CA-MAI
MERS MIN No.: 100015700057469013     MERS Phone No. 1-888-679-6377

## Assignment of Deed of Trust

For value received, the undersigned corporation hereby grants, assigns, and transfers to

**The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2005-10**

All beneficial interest under that certain Deed of Trust dated 8/26/2005 executed by **JUDITH J HOFFMAN , AN UNMARRIED WOMAN**, as Trustor(s) to **RECON TRUST COMPANY, N.A**, as Trustee and recorded as Instrument No. 2005-0766224, on 9/6/2005, in Book xxx, Page xxx of Official Records, in the office of the County Recorder of **SAN DIEGO** County, CA together with the Promissory Note secured by said Deed of Trust and also all rights accrued or to accrue under said Deed of Trust.

Dated:

**JUL 1 4 2010**

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AMERICA'S WHOLESALE LENDER A CORPORATION**

By: Debra Lyman

Vice President

State of: _____Texas_____ )
County of: _____Harris_____

*is personally known to me
Debra Lyman

On JUL 1 4 2010 before me, Karen Quiller personally appeared _____ who provided to me on the basis of satisfactory evidence to be the persons(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Texas

I certify under PENALTY OF PERJURY under the laws of the State of _____ that the forgoing paragraph is true and correct.

WITNESS my hand and official seal.                    **(Seal)**

Signature Karen Quiller

KAREN QUILLER
Notary Public, State of Texas
My Commission Expires
July 26, 2010

**Quality Loan Service Corp.**
**2141 5th Avenue**
**San Diego, CA  92101**
**619-645-7711**

Date: **8/17/2009**

T.S. Number: **CA-09-303139-BL**
Loan Number: **19723782**

## DEBT VALIDATION NOTICE

1.    The enclosed document relates to a debt owed to:
      **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

2.    You may send us a written request for the name and address of the original creditor, if
      different from the current creditor, and we will obtain and mail the information within
      thirty (30) days after we receive your written request.

3.    As of **7/28/2009** the total delinquency owed was **$39,612.88**, because of interest, late
      charges, and other charges that may vary from day to day this amount will increase until
      the delinquency has been fully paid.  Before forwarding payment please contact the above
      at the address or phone number listed in order to receive the current amount owed.

4.    As of **8/17/2009**, the amount required to pay the entire debt in full was the unpaid principal
      balance of **$634,292.02**, plus interest from **10/1/2008**, late charges, negative escrow and
      attorney and/or trustee's fees and costs that may have been incurred.  The amount will
      increase daily until the debt has been paid in full.  For further information please write to
      the above listed address or call **619-645-7711**.

5.    You may dispute the validity of this debt, or any portion thereof, by contacting our office
      within thirty (30) days after receiving this notice.  In that event, we will obtain and mail to
      you written verification of the debt.  Otherwise, we will assume that the debt is valid.


**WE ARE ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION
WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

**Quality Loan Service Corp.**
**2141 5th Avenue**
**San Diego, CA  92101**
**619-645-7711**

Date: **8/5/2009**

T.S. Number: CA-09-303139-BL
Loan Number: **19723782**

## DEBT VALIDATION NOTICE

1.   The enclosed document relates to a debt owed to:

   **Litton Loan Servicing LP**

2.   You may send us a written request for the name and address of the original creditor, if different from the current creditor, and we will obtain and mail the information within thirty (30) days after we receive your written request.

3.   As of  **7/28/2009** the total delinquency owed was **$39,601.24,** because of interest, late charges, and other charges that may vary from day to day this amount will increase until the delinquency has been fully paid. Before forwarding payment please contact the above at the address or phone number listed in order to receive the current amount owed.

4.   As of **8/5/2009**, the amount required to pay the entire debt in full was the unpaid principal balance of **$634,292.02**, plus interest from **10/1/2008**, late charges, negative escrow and attorney and/or trustee's fees and costs that may have been incurred.  The amount will increase daily until the debt has been paid in full. For further information please write to the above listed address or call **619-645-7711**.

5.   You may dispute the validity of this debt, or any portion thereof, by contacting our office within thirty (30) days after receiving this notice.  In that event, we will obtain and mail to you written verification of the debt. Otherwise, we will assume that the debt is valid.

<div style="border:1px solid">

**WE ARE ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION**
**WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

</div>

Recording requested by:
Quality Loan Service Corp.

When recorded mail to:
Quality Loan Service Corp.
2141 5th Avenue
San Diego, CA 92101

---

TS # CA-09-303139-BL          Order # 090553628-CA-MAI          SPACE ABOVE THIS LINE FOR RECORDER'S USE

# NOTICE OF TRUSTEE' S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 8/26/2005. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 to the Financial code and authorized to do business in this state, will be held by duly appointed trustee. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

**BENEFICIARY MAY ELECT TO BID LESS THAN THE TOTAL AMOUNT DUE.**

Trustor(s):    **JUDITH J HOFFMAN , AN UNMARRIED WOMAN**
Recorded:     9/6/2005 as Instrument No. 2005-0766224 in book **xxx**, page **xxx** of Official Records in the office of the Recorder
              of SAN DIEGO County, California;

Date of Sale:    **6/10/2010 at 10:00 AM**
Place of Sale:   **At the South entrance to the County Courthouse, 220 West Broadway, San Diego, CA 92101**
Amount of unpaid balance and other charges: **$703,318.19**
The purported property address is:       **2918 Marquette Street**
                                         **San Diego, CA 92106**

Assessors Parcel No. **441-243-14**

The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein. If no street address or other common designation is shown, please refer to the referenced legal description for property location. In the event no common address or common designation of the property is provided herein directions to the location of the property may be obtained within 10 days of the date of first publication of this Notice of Sale by sending a written request to **Litton Loan Servicing LP 4828 Loop Central Drive Houston TX 77081.**

Pursuant to California Civil Code §2923.54 the undersigned, on behalf of the beneficiary, loan servicer or authorized agent, declares as follows:

[ 1 ] The mortgage loan servicer has not obtained from the commissioner a final or temporary order of exemption pursuant to Section 2923.53 that is current and valid on the date the notice of sale is filed;

[ 2 ] The timeframe for giving notice of sale specified in subdivision (a) of Section 2923.52 does apply to this notice of sale.



2141 5th Avenue • San Diego, CA 92101 • 619-645-7711

8/30/2010

JUDITH J HOFFMAN
2918 Marquette St.
San Diego, CA 92106

Re  :  Trustor(s):      JUDITH J HOFFMAN
       Loan No:         19723782
       Our File No:     CA-09-303139-BL
       Property:        2918 Marquette Street
                        San Diego, CA 92106
       **Loan Type:**   **Conventional Residential**

## NOTICE
### THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

This correspondence is sent in conjunction with the processing of a non-judicial foreclosure.  Your request does not stop the foreclosure proceedings from continuing.  **Accordingly, it is your responsibility to determine if a Trustee's sale might be scheduled for a date earlier than the expiration date of these figures. Unless you obtain written acknowledgement that any scheduled sale will be postponed, the sale will be held as scheduled.**

### SALE SCHEDULED FOR 9/24/2010

You have requested payoff figures good through **9/23/2010**.  Since the foreclosure fees and costs of this action and other amounts may increase daily, we have quoted the amount due as of today together with an estimated payoff amount good through the date requested.

**\*Please Note**: Requesting a reinstatement or payoff quote does not stop the foreclosure process. Waiting to make your payment may increase the amount necessary to cure the default. Please see dates and amounts below which will increase as the foreclosure process continues, you should submit payment as quickly as possible to avoid incurring any additional fees or costs\*

The amount to pay off the above referenced loan **as of the date of this letter only** is:  $709,222.60

The amount to pay off the above referenced loan as of **9/23/2010** is as follows:

| | |
|---|---|
| Amount Due Beneficiary : | $709,114.60 |
| Foreclosure Fees And Costs : | $158.00 |
| **Total Due:** | **$709,272.60** |

Be advised that the amount is accurate only through the date cited herein and will increase thereafter. We reserve the right to update this payoff figure through the projected date as issuance of this payoff letter does not suspend the foreclosure action, or the payment of taxes, insurance or other miscellaneous expenses on your account You must contact this office to verify these figures have not changed.

If you do not contact us, and if you pay the estimated payoff amount, we will send you any refund to you. Please complete the attached information form and return it with your payoff funds.

**In the event you intend on transmitting funds electronically, you must obtain and comply with wiring instructions provided by our office. Our office has specific procedures and requirements for electronic transfer of funds in order to ensure receipt and proper application.**

Thank you,

Talisa Sutton

cc: **Litton Loan Servicing LP**

19723782
CA-09-303139-BL

Please submit your **cashier's check**, payable to Quality Loan Service Corp., *directly to this office*.

## Attn: Accounting / Disbursement Dept.
## Quality Loan Service Corporation
## 2141 5th Avenue
## San Diego, CA 92101

## *Refund Information Form*

Please provide the information below and *return it with your payoff funds.*

Name: _____

Daytime Phone: _____    Evening Phone: _____

Address: _____

Name and address for return of **any** refund

____ Same as above
____ Other (please state below)

_____

# Quality Loan Service Corp.

2141 5th Avenue • San Diego, CA 92101 • 619-645-7711

## Wire Instructions

### Wire Instructions to Cornerstone Bank Account

Cornerstone Bank
York, NE 68467

For credit to Quality Loan Service – Escrow Account
#303958 ABA#104900349

It is the remitter's obligation to notify our office prior to forwarding wired funds; failure to notify our office will delay or make impossible the application of your reinstatement or payoff and may result in a sale taking place after your wire is sent.   Any wires transmitted to our office within 5 days of any scheduled sale date are sent at the remitter's own risk and applicable to the obligation cannot be presumed.  The wire must contain Quality Loan's account information at Cornerstone Bank that is listed above, the trustee's sale number, loan number and beneficiary, sale date (if any), name and other pertinent information of the remitter and any other information necessary for identification of the obligation for which the wire is sent.  **It is the obligation of the remitter to confirm receipt of funds by our office and verify any scheduled action is stopped.**  Due to the nature of electronic banking, the electronic receipt of funds by our financial institution does not in and of itself constitute timely reinstatement or payoff.  You must confirm our receipt and identification of electronic funds by our office before you assume the payment is received or accepted.

**Confidentiality Notice:** The information contained herein may be privileged and protected by the attorney/client and or another privilege.  It is confidential in nature and intended for use by the addressee herein only.  If you are not the intended recipient, you are hereby expressly prohibited from dissemination distribution, copy or any use whatsoever of the transmission and its contents. If you receive this transmission in error, please call the sender and arrangements will be made to retrieve the originals from you at no charge.

### **NOTICE- REQUIRED INFORMATION**

When sending the wire please include **TS# (reference number), loan number, name of the remitter, remitter phone number and a valid address to send a refund (if applicable).** If this information is not included we may be **unable** to identify which account to apply the funds to and could result in your wire being returned